IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDUARDO TORRES-COLÓN,

   Plaintiff,

            v.

THE UNITED STATES OF AMERICA,

   Defendant.

CIVIL NO. 15-3037 (JAG)

OPINION AND ORDER

GARCIA-GREGORY, D.J.

      Pending before this Court are two Motions to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), filed by Defendant the United States of America ("Defendant"). Docket Nos. 7, 9. Plaintiff Eduardo Torres-Colón ("Plaintiff") timely opposed both motions. Docket Nos. 8, 16. The Court considers and decides Defendant's motions jointly.

      For the reasons stated below, the Court GRANTS Defendant's first Motion to Dismiss, Docket No. 7. Accordingly, Defendant's second Motion to Dismiss, Docket No. 9, is MOOT.

BACKGROUND[1]

      Plaintiff worked for a private corporation—ManTech—as a maintenance supervisor at the Camp Dehdadi II base in Afghanistan. Docket No. 1. During his employment, specifically in July 2012, military investigators of the US Army Criminal Investigation Command started an

---

[1] For purposes of Defendant's Motions to Dismiss, all facts are taken from Plaintiff's Complaint, Docket No. 1, and are presumed to be true.

investigation regarding larceny of Government property. *Id.* An undercover informant ("UI") had notified investigators that, on July 28, 2012, the manager of a restaurant within the military base had attempted to bribe him to escort a vehicle into the base that would be used to steal government property from a sorting yard. *Id.* According to the UI, that same day he met the individuals that were going to participate in the offense. *Id.* Plaintiff was not present during that meeting. *Id.* However, one of the participants mentioned he was going to participate in the offense. *Id.*

On July 30, 2012, the military police arrested all parties before the offense could be committed. *Id.* Plaintiff was arrested while working at the ManTech motor pool. *Id.* He was released August 5, 2012. *Id.* Although no incriminatory evidence was found while searching his premises and no criminal charges were filed, Plaintiff was barred from entering any facilities in the "United States Forces-Afghanistan North Region." *Id.* The Barment Letter was issued on August 16, 2012, but notified to Plaintiff on August 24, 2012. Dockets Nos. 1, 8.

In light of the foregoing, Plaintiff started administrative proceedings on January 30, 2013 requesting damages and the removal of the barment order. Docket No. 8. He also presented a Federal Torts Claim Act administrative claim on August 14, 2014. *Id.* Such claim was finally denied on July 8, 2015. Docket Nos. 1, 8. Consequently, Plaintiff filed suit on December 8, 2015, seeking damages pursuant to his false arrest and the issuance of the Barment Letter, which he claims is the proximate cause for the loss of his employment. Docket No. 1.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts must narrowly construe jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED*, 12 F. Supp. 2d 243, 245 (D.P.R. 1998). Consequently, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F. Supp. 2d 217 (D.P.R. 2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as depositions and exhibits." *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). The complaint must be construed liberally, treating the well-pleaded factual allegations as true and indulging all reasonable inferences in favor of plaintiff. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998) (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1, 1 (1st Cir. 1987)).

## ANALYSIS

Defendant argues that Plaintiff's Complaint should be dismissed under the Federal Tort Claims Act ("FTCA" or the "Act") statute of limitations and several of its exceptions. Docket Nos. 7, 9.[2] Among the FTCA exceptions that Defendant raises are the foreign country and the

---

[2] To discuss the impact of the statutes of limitations, Plaintiff's Complaint would need to be divided between the false arrest and the Barment letter claims, since they have different accrual dates. The Court believes going into full detail regarding Defendant's statute of limitations argument will not make a difference, as the statute of limitations was tolled when Plaintiff filed an internal appeal on January 30, 2013, and his Complaint is not time-barred. Docket No. 9. However, Plaintiff's Complaint is barred under the exceptions herein discuss.

Civil No. 15-3037 (JAG)                                                                                                    4

discretionary function exceptions. Docket No. 7.[3] The Court resolves Defendant's Motions to Dismiss under these two exceptions. Therefore, the Court does not discuss Defendant's other arguments.

    I.    **FTCA**

It is a well-settled principle that the United States of America, as sovereign, cannot be sued unless it consents. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) ("Absent a waiver of sovereign immunity, the Federal Government is immune from suit."). "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). Specifically, the Act states that an individual can file a civil suit against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the FTCA has several exceptions and if one of them applies, "the bar of sovereign immunity remains." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006). Thus, if a claim comes within one of these exceptions, "then the district court lacks subject-matter jurisdiction and must dismiss the claim." *Dynamic Image Techs., Inc. v. United States*, 18 F. Supp. 2d 146, 149 (D.P.R. 1998).

Here, the following exceptions are relevant to Plaintiff's claims.

    a.    **The Foreign Country Exception**

---

[3] Defendant also raises the combatant activities exception and the interference with contract rights exception. Docket Nos. 7, 9.

Civil No. 15-3037 (JAG)                                                                                              5

The FTCA excludes claims against the Federal Government "arising in a foreign country." 28 U.S.C. § 2680(k). The United States Supreme Court has interpreted this exception as barring "all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004). Here, Plaintiff claims he suffered damages, since he was arrested without probable cause and later barred from entering all military facilities in Afghanistan, causing him to lose his job. Docket No. 1. All of these events happened in Afghanistan. The criminal investigation of Plaintiff, his arrest, the issuance of the Barment Letter, and Plaintiff's dismissal due to the Barment Letter, all occurred in Afghanistan. Docket No. 1. Thus, Plaintiff's claims all arise in Afghanistan, and fall squarely within the FTCA's foreign country exception.

Nevertheless, Plaintiff argues that his claims do not fall under the foreign country exception because of the Barment Letter's continuous publication via the Internet. Docket No. 8. He argues that this has caused him continuous injuries—suffered in places outside of Afghanistan—since the Barment Letter has prohibited him from securing further government employment. Docket Nos. 1, 8. The Court disagrees. "A plaintiff . . . cannot plead around the FTCA's foreign-country exception simply by claiming injuries . . . that are derivative of the foreign-country injuries at the root of the complaint." *Harbury v. Hayden*, 522 F.3d 413, 423 (D.C. Cir. 2008). Even assuming that the Barment Letter has caused him injuries in the United States, these injuries are all derivative of the injuries suffered in Afghanistan. The relevant facts, and Plaintiff's injuries at the root of his complaint, all happened in Afghanistan. Moreover, "the last act necessary to establish liability occurred" in Afghanistan. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 705 (2004) (internal citations omitted). To allow Plaintiff to circumvent the foreign country exception by

claiming that he continued to suffer injuries upon return to the United States, "would threaten to 'swallow the foreign country exception whole.' " *Harbury*, 522 F.3d at 423 (quoting *Sosa*, 542 U.S. at 703). Thus, the Court does not believe the continuous publication of the Barment Letter removes Plaintiff's claims from the scope of the foreign country exception.

Accordingly, Plaintiff's claims are barred under the FTCA's foreign country exception.

### b. The Discretionary Function Exception

In addition, Plaintiff's claims stemming from the Barment Letter are also prohibited under the discretionary function exception.[4] This exception prohibits claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "Proper invocation of this exception means that the [G]overnment will be shielded from liability, no matter how negligently an employee may have acted." *Santana-Rosa v. United States*, 335 F.3d 39, 42 (1st Cir. 2003) (internal citation omitted).

The First Circuit has clearly stated that "[d]ebarment from a military installation falls within the discretionary function exception to the Federal Tort Claims Act." *Serrano Medina v. United States*, 709 F.2d 104, 106 (1st Cir. 1983) (citing 28 U.S.C. § 2680(a); *Kiiskila v. United States*, 466 F.2d 626, 628 (7th Cir. 1972)). Accordingly, Plaintiff's claims stemming from the Barment Letter are further prohibited under the discretionary function exception.

---

[4] Plaintiff does not seem to contest that barring him from the military base is indeed a discretionary function. Docket No. 8 at 7-8. Instead, he argues that his imprisonment and the search of his residence did not constitute discretionary functions. *Id*. The Court does not address whether the claims stemming from these actions are barred by the discretionary function exception, because they fall squarely within the foreign country exception.

## CONCLUSION

In view of the foregoing, the Court holds it lacks subject matter jurisdiction to consider Plaintiff's Complaint. Accordingly, Defendant's first Motion to Dismiss is GRANTED, and its second Motion to Dismiss is MOOT.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of February 2017.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge